■ In the Matter of DAVID METZGER, Appellant, v. JAMES EAGAN et al., Respondents.— In a proceeding under section 330 of the Election Law, to invalidate a petition designating the respondent James Eagan as a candidate of the Democratic party in the primary election to be held September 14, 1965 for the office of Member of the Assembly for the 24th Assembly District, Queens County, and for other related relief, the petitioner appeals from a judgment of the Supreme Court, Queens County, entered September 2, 1965, which dismissed the petition. Judgment reversed on the law and the facts, without costs, and petition granted. Findings of fact inconsistent herewith are reversed and new findings are made in accordance herewith. The Board of Elections found that only 380 of the 791 signatures on respondent's designating petition were valid. After hearing, Special Term invalidated 29 more signatures on four pages of the petition, witnessed by one Walker, who admitted that the signatures on these pages were not obtained by him. It appears from the evidence that, in addition to the four pages mentioned, there were at least three other pages subscribed by the said Walker, on which there were signatures not obtained by him, and that there were four additional pages on which there were forgeries committed in Walker's presence. As a result, the designating petition did not contain the 350 signatures required by the statute. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ In the Matter of FRANK A. JOHNSON, Appellant, v. WILLIAM D. MEISSER et al., Respondents.— In a proceeding under section 330 of the Election Law, to declare valid a petition designating the petitioner as a candidate for County Committeeman of the Republican party in the primary election to be held September 14, 1965 in the County of Nassau, the petitioner appeals from a judgment of the Supreme Court, Nassau County, entered September 2, 1965, which denied his application. Judgment reversed on the law, without costs, and application granted. While a designating petition must include the designation of a committee to fill vacancies (Election Law, § 138; Matter of Richter v. Thaler, 11 N Y 2d 722), the inclusion of two persons instead of three persons, as required by section 135 of the Election Law, is not a fatal defect where the question of filling a vacancy did not actually arise (Matter of Brennan v. Power, 307 N. Y. 818; Matter of Pabian v. McNab, 3 N Y 2d 888). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.